Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| CARLOS REMEDIOS CARBONE<br><br>Peticionario<br><br><br><br><br>EX PARTE | TA2026CE00471 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2025CV07176<br>Sala: 505<br><br>Sobre:<br>Petición de Orden Cambio de Nombre |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece el señor Carlos Remedios Carbone vía *certiorari* y solicita que revoquemos la *Resolución Interlocutoria* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 28 de enero de 2026. En dicho dictamen, se resolvió sin lugar la *Moción Solicitando Enmienda Nunc Pro Tunc Adicional* del peticionario. Por los fundamentos que expondremos, expedimos el auto de *certiorari* y revocamos la *Resolución Interlocutoria* recurrida.

En síntesis, el 12 de agosto de 2025, el señor Remedios Carbone peticionó al Tribunal recurrido que ordenara al Registro Demográfico incluir un nombre en el Certificado de Nacimiento de su abuelo paterno. En lo pertinente, y a tenor con la Ley Provisional 1/1870, de 17 de junio y el Código Civil de 1889, el referido abuelo paterno, el señor Carlos Gardeña, nació fuera de matrimonio, por lo cual el nombre de su padre

biológico, el señor Jorge Remedios de Paz, no fue incluido en el Certificado de Nacimiento de su hijo. Al esto crear complicaciones para el peticionario en cuanto a la Ley 20/2022, de 19 de octubre, sobre Memoria Democrática, el señor Remedios Carbone solicitó la inclusión del nombre de su bisabuelo en el Certificado de Nacimiento de su abuelo paterno.

Luego de varios trámites procesales, el Tribunal recurrido resolvió ha lugar la petición y ordenó al Secretario de Salud, su representante o al encargado de la División del Registro Demográfico y Estadísticas Vitales del Departamento de Salud de Puerto Rico, a enmendar el Certificado de Nacimiento del abuelo paterno del peticionario para añadir en el encasillado correspondiente "Nombre del Padre" el nombre Jorge Remedios y Paz. Ante una *Moción Solicitando Enmienda Nunc Pro Tunc*, el Tribunal recurrido enmendó la *Resolución* para cambiar el nombre del bisabuelo del peticionario a Jorge Remedios de Paz y que se cambiara el nombre del señor Carlos Gardeña a Carlos Remedios Gardeña. El cambio de nombre del bisabuelo se basó en la partida de bautismo de este, toda vez que en el Acta de Matrimonio de dicho sujeto constataba su nombre como Jorge Remedios y Paz.

No obstante, el peticionario presentó una *Moción Solicitando Enmienda Nunc Pro Tunc Adicional*, toda vez que la *Ley de Memoria Democrática* exige que el Certificado de Nacimiento del abuelo paterno exponga el lugar de nacimiento del bisabuelo, que es Santa Cruz de La Palma, España, según la partida de bautismo antes referida. Atendida la moción, el Tribunal recurrido resolvió sin lugar por razón de que no consta en el expediente judicial el Certificado de Nacimiento del señor Jorge Remedios de Paz. Ante esto, el peticionario solicitó

reconsideración y especificó que para la fecha del nacimiento del señor Jorge Remedios de Paz—es decir, el 23 de abril de 1867, según la partida de bautismo—España no contaba con un Registro Civil, por lo cual los actos de nacimiento eran registrados exclusivamente por las parroquias de la Iglesia Católica mediante partidas de bautismo. Evaluada la moción, el Tribunal recurrido resolvió sin lugar.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) negarse a consignar y perpetuar el lugar de nacimiento o procedencia del señor Jorge Remedios de Paz, en contravención a la Regla 3.1(b) de Procedimiento Civil de 2009 (32 LPRA Ap. V); y (2) exigir un certificado de nacimiento civil imposible de producir para un nacimiento ocurrido antes de la vigencia del Registro Civil español.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009, *supra*, como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Ahora bien, nuestro ordenamiento reconoce que el precedente directo del Registro Civil español son los registros parroquiales de la Iglesia Católica para consignar los bautismos, matrimonios y defunciones desde mediados del siglo XIV. *Delgado, Ex parte*, 165 DPR 170 (2005). Dicho Registro Civil se formalizó mediante la Ley Provisional 1/1870, de 17 de junio, ésta comenzando a regir en Puerto Rico mediante la Ley Provisional del Registro Civil para las Islas de Cuba y Puerto Rico del 1885. Véase *Delgado, Ex parte*, *supra*. Estas leyes se autorizaron ante la necesidad de secularizar e intentar de uniformar la información demográfica y personal de cada persona bajo el régimen español. Véase A. Lacarta Aparicio, R. Cuenca Moreno & E. Plana Mendieta, *Investigación y Patrimonio en la provincia de Zaragoza*, Diputación Provincial de Zaragoza, 2008, Vol. 1.

Así las cosas, nuestra jurisprudencia ha dictaminado que la partida de bautismo de una parroquia solamente da fe del hecho que motivó su otorgamiento y de la fecha de este. *Cirino v. Fuentes Fluviales*, 91 DPR 608 (1964); *Pueblo v. Vargas*, 69 DPR 382 (1948); *Aguayo et al. v. García*, 11 DPR 274 (1906). No obstante, dicha jurisprudencia igualmente ha determinado que, ante la inexistencia de constancias de nacimientos en el Registro Demográfico, la partida de bautismo será considerado como prueba secundaria del estado civil de determinadas personas. *Cirino v. Fuentes Fluviales*, *supra*. Véase, también, Art. 688 del Código Civil de 2020, 31 LPRA sec. 7645; Art. 250 del Código Civil de 1930, 31 LPRA ant. sec. 983.

En el presente caso, el Tribunal de Primera Instancia erró al resolver sin lugar la *Moción Solicitando Enmienda Nunc Pro Tunc Adicional* del peticionario. De nuestro ordenamiento e historia

gubernamental se desprende que en España no existió un Registro Civil hasta el 1870, es decir, hasta alrededor de tres (3) años después del nacimiento del señor Jorge Remedios de Paz. Por tanto, la expectativa y orden del Tribunal recurrido no era realizable, toda vez que el documento más cercano en función que hubiera registrado el nacimiento del bisabuelo del peticionario iba a ser, inevitablemente, una partida de bautismo. Además, correspondía que el Tribunal siguiera su propio razonamiento e igualmente incluyera el lugar de nacimiento del bisabuelo del peticionario en el Certificado de Nacimiento, tal como hizo al ordenar la inscripción del nombre del señor Jorge Remedios de Paz a base de la partida de bautizmo.

Por los fundamentos expresados, expedimos el auto de *certiorari*, revocamos la *Resolución Interlocutoria* recurrida y ordenamos hacer constar el lugar de nacimiento según requerido por el peticionario.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones